## SOUTHERN BELL TELEPHONE & TELEGRAPH CO. v. NALLEY.

### (Circuit Court, N. D. Georgia.  November 6, 1908.)

EMINENT DOMAIN (§ 47*)—USE OF PUBLIC ROAD—RIGHTS OF ADJOINING OWN-ERS.

The construction of a telephone line upon a public county road or highway in the state of Georgia, with the approval of the county authorities in charge of such road or highway, which line is used in the transmission of messages between various points, is not an additional burden or servitude upon such public road, and does not exceed the uses to which the easement in the public can be put by the approval of such county authorities, and an abutting landowner has not the legal right to prevent such use.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 107–120; Dec. Dig. § 47.*]

In Equity.  On demurrer to bill.

McDaniel, Alston & Black, for complainant.
Burton Smith, for defendant.

NEWMAN, District Judge.  This bill is brought by the Southern Bell Telephone & Telegraph Company against W. H. Nalley, seeking to enjoin the defendant from interfering with the complainant company's line as set out in the bill.  The allegations are:  That during the year 1903 the Southern Bell Telephone & Telegraph Company, the complainant company here, began the construction of a long-distance line between the city of Atlanta, in the state of Georgia, and the city of Birmingham, in the state of Alabama.  That in order to establish said line it was necessary to reconstruct certain old lines at points between said cities, and to extend such old lines after they were reconstructed.  That a portion of said line is along the public highway upon which the lands of W. H. Nalley abuts, in the counties of Douglas and Carroll, and that said portion of its line was an old local line, which it was necessary to reconstruct, and build one more modern and substantial, in order to properly accomplish its purpose and connect the city of Atlanta and the city of Birmingham by telephone.  Further, that the complainant company obtained the right to construct said line along the public highways from the proper authorities of the counties in which the defendant's lands were located (Douglas and Carroll).  That the reconstructed line was located along the old line as far as possible, and though there was to some extent a change in the relocation of its poles, yet the new line is along the line of the old one.  That, in rebuilding the line along the highway upon which defendant's lands abutted, the height of the new poles used necessitated the trimming, and perhaps the cutting, of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

certain trees upon said lands. That the complainant company, through its agent, approached said defendant, W. H. Nalley, and acquired the right to trim and cut down such trees as might interfere with the reconstruction of its line, or its operation, and that on July 22, 1903, it secured the right from said defendant, as evidenced by an instrument of writing which is attached to the bill. That the defendant was well aware of the work being done, and that he was consulted, and acquiesced in the trimming and cutting of such of his trees as were necessary. Also that the complainant company, in placing its poles, remained within the lawful limits of the public highway, and none of its poles encroached upon the lands of the defendant. That, long after the completion of the line, said defendant made the claim that complainant's lines and poles ran through his land for approximately two miles, and ordered said complainant to remove its poles, and has threatened to cut said wires and confiscate the poles for his own purposes and use; and, if said defendant is allowed to carry out his threat, that the usefulness of the entire line between Atlanta and Birmingham will be practically destroyed. That it has not encroached upon the property rights of the defendant. That it has no poles on his lands, but that said poles are located upon the public highway. That the defendant stood by and saw said poles located without protest, thereby assenting to their location. Further, that such a course on the part of the defendant would result in much loss of money to the complainant, and that the amount in controversy exceeds the sum of $2,000, exclusive of interest and costs. That these lines and poles do no damage whatever to defendant's lands, but, on the contrary, this long-distance line has enhanced the value of all lands in its vicinity, and those of the defendant also. That said line was built some time during the fall of 1903, and that the same has been in operation ever since, and the same has been maintained by the complainant company since said time, and used by the public for the transmission of intelligence between the cities of Atlanta and Birmingham and intermediate points, and said line fulfills an important public function, and the public is served thereby to a very great extent, and there is a public demand for said line as a necessary commercial instrumentality between the two cities and the many intermediate towns.

Complainant then prays:

"That this court issue its writ of injunction, enjoining, restraining, and prohibiting said W. H. Nalley from cutting its wires, appropriating its poles, or in any way interfering with any portion of its line, either in the county of Douglas, the county of Carroll, or elsewhere. Complainant further prays that a restraining order or a temporary injunction be issued by the court, restraining and enjoining said W. H. Nalley from cutting its wires, appropriating its poles, or otherwise interfering with its line, whether in the county of Douglas, the county of Carroll, or elsewhere, until a hearing may be had by this court, in order that the present status may be maintained."

To this bill a demurrer was filed upon several grounds not material here. Afterwards the demurrer was amended as follows:

"The defendant, W. H. Nalley, by leave of the court just had and obtained, amends the general demurrer heretofore filed by him in the cause, and moves to dismiss the bill of complaint upon this additional ground of demurrer, to wit: Complainant has no right to maintain upon the public highway with the

approval of the county authorities its telephone line, as such telephone line constitutes an additional burden upon the highway and exceeds the uses to which the easement of the public in said highway can be put; and defendant, as adjacent landowner and as owner of the fee, has the legal right to terminate the occupancy by complainant of the portion of the highway adjacent to his premises."

After argument the demurrer was overruled, and the following order passed:

"The amended demurrer of the defendant, which was allowed by the court on the 6th day of November, 1908, has been considered. The court being of the opinion that the construction of a telephone line upon a public county road or highway in the state of Georgia, with the approval of the county authorities in charge of such road or highway (which telephone line is used in the transmission of intelligence between various points), is not an additional burden or servitude upon such public road, and does not exceed the uses to which the easement in the public can be put by approval of such county authorities, and that the adjacent or abutting landowner upon such public road has not the legal right to prevent the use and occupancy by the complainant of such public road for the purpose of constructing, maintaining, and operating its telephone lines thereon with the approval of such county authorities, it is therefore ordered that the original demurrer and amended demurrer of the defendant be and the same are hereby overruled."